### WILLSEN v. METROPOLITAN ST. RY.

(Supreme Court, Trial Term, New York County. November 22, 1901.)

WRONGFUL DEATH—DAMAGES.
    In an action by a mother for the death of a child, a verdict for $300, where the evidence of the funeral expenses and other special damages showed them to amount to $180, will be set aside as grossly inadequate.

Action by one Willsen against the Metropolitan Street Railway. Verdict for defendant. Because of the inadequacy of the verdict she moved for a new trial. Motion granted.

Cohalan Bros., for plaintiff.

TRUAX, J. The verdict is for $300, but the funeral expense and other special damages not contested and conclusively proved amount to $181, thus leaving less than a trifle over $100 as the

figure placed by the jury as the value of a human life.   Substantial awards have been almost uniformly made by juries in actions brought to recover for negligently causing the death of infants.   Morris v. Railway Co. (Sup.)   64 N. Y. Supp. 878.   The verdict rendered in this case is so grossly inadequate and indefensible that it should not be allowed to stand.   No terms will be imposed as a condition. This is not an ordinary case of inadequate damages.   The verdict is perverse, and the damages arbitrarily and capriciously fixed at such a low figure as to shock the moral sense.   The plaintiff is in no manner responsible for this miscarriage of justice, and to impose costs as a condition of setting the verdict aside and granting a new trial is to emphasize the wrong to which the jury has already subjected him.   Granting a new trial under these circumstances cannot be regarded as a matter of favor.   The plaintiff is entitled to the relief sought as a matter of right.

Motion granted.