TOBIN, Appellant, v. BRUCE, et al., Respondents.

(162 N. W. 933.)

(File No. 4129.   Opinion filed May 26, 1917.)

1. **Parent and Child—Indigent Parent, Child's Duty to Support—Statute.**

   It is the moral as well as the legal duty in this state, of every child, whether minor or adult, to assist in support of their indigent aged parents; construing Civ. Code, Sec. 118, concerning support of a poor person unable to maintain himself by work, etc.

2. **Damages—Federal Employers' Liability Act—Who, as Deceased's Survivors, Entitled to Damages?—Statute.**

   Under federal Employers' Liability Act (Act Cong. April 22, 1908, Chap. 149, 35 Stat. 65 [U. S. Comp. St. 1916, Secs. 8657-8665]), providing that damages shall be paid for benefit of the surviving spouse and family, and, if none, then to the deceased employe's parents, then to dependent next of kin, held, that a parent's right to expect, and to anticipate, regardless of legal duty, contribution to his or her support in old age by the children, is a sufficient pecuniary loss to sustain a right to damages under said federal law; this regardless of whether the child had or not, prior to his or her death, contributed to the parent's support, and regardless of whether a parent at time of the child's death was actually dependent upon the child for support; it being the expectancy and anticipation of support, that furnishes the basis for pecuniary loss to parent under the act.  Held, further, that it is only those designated in the act as "next of kin" that must show dependency upon deceased as a prerequisite to right to such damages.  So held, in sustaining the claim of a father 71 years of age, dependent upon his personal earnings, to a share in damages paid in settlement of his son's death, although the son in his lifetime had not actually aided his father, but had contributed to the support of his mother, only 61 years of age, who possessed some property furnishing her some income.

3. **Damages—Federal Employers' Liability Act—Beneficiaries Under, Whether Determinable by Federal, or State Statute?**

   Under federal Employers' Liability Act (Act Cong. April 22, 1908, Chap. 149), held, that damages recoverable thereunder

are not subject to distribution among beneficiaries under provisions of the state statute providing for distribution of estates of deceased persons; but the amount of pecuniary loss of each beneficiary must be fixed in and by the recovery under the federal act.

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by William Tobin, Sr., against W. L. Bruce, as administrator of the estate of John T. Tobin, deceased and Catherinee Tobin, to recover and to establish plaintiff's right to one-half of damages paid by a railroad company as damages resulting from the death of John T. Tobin, deceased. From a judgment for defendants, and from an order denying a new trial plaintiff appeals. Reversed and remanded.

*N. J. Cramer,* for Appellant.

*B. I. Salinger,* and *Joseph Janousek,* for Respondents.

(2) To point two of the opinion, Appellant cited: Mich. Central R. R. Co. v. Vreeland, Admr. 220 U. S. Sup. St. 59, 33 Sup. Ct. Rep. 192; American R. R. Co. v. Didrickseen, 227 U. S. Rep. 145, 33 Sup. Ct. Rep. 224; McCullough v. Chicago R. I. & P. Ry. Co., 142 N. W. 67; Carrett v. Louisville & N. R. Co., 197 Fed. 715, 235 U. S. Rep. 308, 35 Sup. Ct. Rep. 32; Kansas C. S. R. Co. v. Leslie, Admr., 238 U. S. Rep. 599, 35 Sup. Ct. Rep. 844; Hopper v. Denver & R G. R. Co., 155 Fed. 273; Pittsburg C. C. & St. P. Ry. Co. v. Collard, Admr., 185 S. W. 1108; McCarvey, Guar. v. McCarvey, Admr., 173 S. W. 765; Dooley v. Seaboard Air Line Ry. Co. 79 S. E. 970; Central Ver. R. R. Co. v. Whitee, Admr., 238 U. S. Sup. Ct. 507, 35 Sup. Ct. Rep. 865; Strangeland v. M., St. P. & S. S. R. Co., (N. D.) 117 N. W. 386; In re Stone, 91 S. E. Rep. 852.

Reespondents cited: G. C. S. F. Ry. Co. v. McGinnis, Admr., 228 U. S. 173; Mich. C. Ry. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192; Garrett v. Louisville Ry Co., 235 U. S. 308; American Ry. Co. v. Didricksen et al., 227 U. S. 145, 33 Sup. Ct. Rep. 224.

(3) To point three of the opinion, Appellant cited: Central Ver. R. R. Co. v. White, Admr., 238 U. S. Sup. Ct. 507, 35 Sup. Ct. Rep. 865; Am. Ann. Cases 1913D, p. 282; Ballinger v. Beach, 106 Pac. 1094; Texas R. R. Co. v. Meller, 128 S. W.

1165; In re Taylor, 97 N. E. 502; Laws 1909, Chap. 301.

Respondents cited: Sea Board Air Line Ry. Co. v. Horton, 233 U. S. 492, 58 L. Ed. 1062, 8 N. C. C. A. 834; St. Louis I. M. S. Ry. Co. v. Hesterly, 228 U. S. 702, 57 L. Ed. 1031; Taylor v. Taylor, 232 U. S. 363, 58 L. Ed. 638.

McCOY, J.  One John T. Tobin received an injury resulting in his death while he was in the employment of the Chicago, Milwaukee & St. Paul Company as a brakeman on a train engaged in carrying interestate commerce. He did not leave surviving him a wife or any children, but left the plaintiff, his father, and the defendant Catherine Tobin, his mother, as the surviving parents. The defendant Bruce was appointed administrator of the estate of said John T. Tobin, deceased. Under the provisions of the federal Employers' Liability Act the said railway company became liable for damages caused by the death of said employee, and by virtue of a settlement for such liability the said railway company paid to said adminstrator the sum of $4,300. Plaintiff brought this suit to recover and to establish his right to one-half of said damages. The defendant Catherine Tobin answered, claiming the whole of said damages, and that plaintiff had no right to any portion thereof. The defendant Bruce, as administrator, concedes that he has possession of said $4,300, and that he is ready and willing to pay the same to such person or persons as the court shall direct. Findings and judgment were in favor of Catherine Tobin, and the plaintiff appeals.

The trial court, among other things, found that said damages were paid to said administrator for the beneficiaries entitled to receive the same pursuant to law; that the plaintiff, the father of said decedent, is about 71 years of age; that said deceased was 24 years of age at the time of his death; that said deceased never at any time had contributed to the support of his father, and that the father was never dependent on his said son; that said son did not live with his father at the time of his death, and at no time had given his father any money or necessaries of life; that the father at the time of the death of the son supported himself, and did not sustain any pecuniary loss because of the death of said son; that for a period of about seven years prior to the death of the son the father and mother lived separate and apart, and during said time plaintiff did not contribute to the support of the mother;

that in 1908 said son gave all his earnings to his mother; that in 1909 he left home, but still continued to contribute thereafter to his mother's support up until the time of his death in the month of November, 1914. Upon these findings of fact and as a conclusion of law the court found that the suit of plaintiff for a share in the proceeds of said damages, or any part therof, should be dismissed, and that plaintiff has no cause of action against said administrator or against Catherine Tobin.

[1, 2] The appellant assigns as error the finding that plaintiff sustained no pecuniary loss by reason of the death of his son, and the conclusion of law that appellant was not entitled to any portion of said damages. We are of the view that the learned trial court erred in the conclusions of law. We are of the view that there is no possible legal reason why plaintiff, this appellant, should not be entitled to receive some portion of said damages. The Employers' Liability Act (Act April 22, 1908, c. 149, 35 St. at L. 65) provides that damages awarded under said act shall be paid—

"in case of the death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and if none, then of such employee's parents; and if none, then of the next of kin dependent upon such employee."

It is the moral as well as the legal duty in this state, of every child, whether minor or adult, to assist in the support of their indigent aged parents. Section 118, Civ. Code; McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854. Every parent has the right to expect, has the right to anticipate, regardless of legal duty, that in old age his or her children will, if necessary, contribute to his or her support. This expectancy—this anticipation of support, on the part of the parent—is a sufficient pecuniary loss to sustain a right to damages under the federal law in question; and it matters not whether the deceased child, prior to the time of the death of such child, had or had not, as a matter of fact, contributed to the support of the parent. It matters not whether the parent at the time of the death of the child was actually dependent upon the child for support. It is the expectancy and anticipation of such support, or dependency upon such child, that furnishes the basis for pecuniary

loss on the part of the parent under the federal Employers' Liability Act. As must be observed, this act does not require that a parent, prior to the death of the child, should have received support or have been dependent on the child, as a requisite of being entitled to receive damages under said act. It is only those who are designated in this act as "next of kin" that must show dependency upon the deceased as a prerequisite to the right to such damages. We are of the view that the following decisions fully sustain this position: Garrett v. L. & N. Ry., 197 Fed. 715, 117 C. C. A. 109; Id., 235 U. S. 308, 35 Sup. Ct. 32, 59 L. Ed. 242; Mich. Cent. Ry. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, 33 Ann. Cas. 1914C, 176; Am. Ry. Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; McCullough v. C., R. I. & P. Ry., 160 Iowa, 524, 142 N. W. 67, 47 L. R. A. (N. S.) 23; Hopper v. D. & R. G. Ry., 155 Fed. 273, 84 C. C. A. 21; Pittsburgh Ry. Co. v. Collard, 170 Ky. 239, 185 S. W. 1108; Dooley v. Seaboard Air Line Ry., 163 N. C. 454, 79 S. E. 970, L. R. A. 1916E, 185.

In McCullough v. Railway, supra, the Supreme Court of Iowa held that under the Employers' Liability Act it was not legally necessary to show that the parents were dependent on the son, as in cases of "dependent next of kin," but that what contributions, if any, had been made by the child might be shown as affecting the measure of damages. In the case at bar there is no question as to the measure of damages involved, it is only the right to participate therein on the part of appellant. In Dooley v. Seaboard Ry., supra, the court held, under the act in question, that a father may recover for the death of an adult son without showing that he was dependent upon the son; proof of dependency being required only when the recovery is for the benefit of the "next of kin." In Pittsburgh Ry. Co. v. Collard, supra, being a case where the parents for seven or eight years prior to the death of the son had been divorced, and where the son after the divorce had a part of the time lived with and contributed to the support of the mother, it was held that, where the decedent had not recently lived with his father nor made contributions to his support, the father was entitled to share in the damages under the federal Employers' Liability Act.

It seems to be generally held that damages, under the act in

question, are recoverable in a single action for the benefit of whatever class of beneficiaries may be entitled to receive the same. In this instance there was no recovery in court, but the damages, under a settlement out of court, were paid in a lump sum to the administrator for the benefit of all those entitled to the same under the federal act. It also seems to be held by the federal courts that damages recovered under this federal act are not subject to distribution among beneficiaries under the provisions of state statutes relating to the distribution of estates of deceased persons, but that the amount of the pecuniary loss of each beneficiary must be fixed in and by the recovery under the federal act. Taylor v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. 638. What each parent had the right naturally to expect or anticipate would be contributed to each of them by the deceased son, had he lived during the remainder of each of their lives, taking into consideration the age, health, earning capacity, probable duration of life, financial situation and station in life of each parent, as well as the earning capacity and station in life of the son, would form the basis for ascertaining the pecuniary loss suffered by each parent by reason of the death of this son. If the damages here involved had been the result of a recovery in court, it necessarily must have appeared in that action, based upon the consideration just mentioned, what was the amount of the pecuniary loss that had been sustained by each parent; but the damages here involved having been paid in a lump sum as the result of a settlement, and both parents being entitled to participate in the same, it naturally follows that the same basis as would have guided the court and jury if a settlement had not been made should be considered in making a division between these parents of the damages now in the hands of the administrator. What the railway company should or might have been liable to have paid under the evidence as it appears in this case is not now involved, but it is now only the question as to what division should be made of the proceeds of the settlement as between the parents.

[3] From the evidence it appears that the father is now over 71 years of age and the mother over 61 years. Based upon considerations of age alone the mother could, in all reasonable probability, have anticipated and expected more assistance from this son than the father, consequently increasing her pecuniary loss

over that of the father; but it appears that she is possessed of some property which furnishes her some income, while the father depends upon his personal earnings, which must naturally decrease as he advances in years. In reality the father was more dependent on his son than the mother; his necessities for future support are stronger and more nearly upon him than hers. Of course there might be cases where the situation, financial or otherwise, of the parents, or one of them, was such that no pecuniary loss would be sustained by reason of the death of an adult son; but that is not this case.

We are of the opinion and therefore hold that the appellant, under all the circumstances, sustained a pecuniary loss by reason of the death of this son, and that he is entitled to a share of the proceeds of the settlement in question to be found and determined in the light of the considerations hereinbefore mentioned. The findings of fact before us are not sufficient for this court to say what the amount of the share of appellant should be.

The judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.