TOBIN, Respondent, v. BRUCE, Administrator et al, Appellants.

(171 N. W. 603).

(File No. 4464.    Opinion filed March 29, 1919.    Rehearing denied June 3, 1919.)

1. Damages—Death of Son From Negligence—Parents' Respective Rights to Damages—Father as "Dependent"—Evidence, Sufficiency—Former Decision Adhered To.

Where, upon a re-trial of a suit by the father against estate of son's administrator and the mother, to recover and to establish plaintiff's right to one-half the damages paid by a railroad company and resulting from death of the son; resulting in judgment dividing the money equally between the two parents; the only question on appeal being as to sufficiency of findings to support judgment, no claim being made that the adjudged division was improper provided plaintiff was entitled to anything; appellants contending that, there being no allegations, proof or finding that the father was "dependent" on his son, he was not entitled to share in said damages; held, (adhering to decision on former appeal, 39 S. D. 64, 162 N. W. 933) that the father was such dependent, and entitled to the share adjudged to him.

2. Parent and Child—Parent's Suit for Damages for Negligent Killing of Son—Non-resident Son, Effect Re Liability to Support Resident Father—Law of Foreign State, Presumption Re.

33—Vol. 41, S. D.

In a suit by father to recover part of damages paid by a railroad company for negligent killing of the son, held, that, in absence of proof to the contrary, it will be presumed the law ·of state of son's residence was the same as that of this state in which plaintiff resided; therefore appellant's contention that the law of the sister state determines liability of the son to support his father, is untenable upon the record.

Appeal from Circuit Court, Yankton County. Hon. Robert B. Tripp, Judge.

Action by William Tobin, Sr., against W. L. Bruce, as Administrator of the estate of John T. Tobin, deceased, and another, to recover a portion of damages paid by a railroad company for negligent killing of plaintiff's son. From a judgment dividing money in hands of executor equally between plaintiff and defendant mother of deceased, and from an order denying a new trial, defendants appeal. Affirmed.

*B. I. Salinger,* and *Joseph Janousek,* for Appellants.

*N. J. Cramer,* for Respondent.

(1) To point one of the opinion, Appellants cited:

Mason v. U. S., 37, Sup. Ct. Rep. 620. 2d Cyc. 1620.

Whiting, J. This cause was before us upon a former appeal. Our decision will be found reported in Tobin v. Bruce, 39 S. D. 64, 162 N. W. 933. Reference is made to such decision for a statement of the nature of the action and the facts as revealed upon the first trial. In accordance with the direction of this court the cause was retried in the circuit court, and, upon such retrial, findings of fact and conclusions were entered, and judgment rendered, dividing the money in the hands of the defendant Bruce between plaintiff and the defendant Catherine Bruce. From such judgment defendants appeal.

[1, 2] The only question before us is the sufficiency of the findings to support the judgment. No claim is made that the division as adjudged was improper, provided plaintiff was entitled to anything. Appellants contend that, inasmuch as there was no allegation, proof, or finding that the father was "dependent" on his son at the time of the son's death, he was not entitled to share in the money received from the railway company. Thus appellants ask us to reverse our former holding. We are satisfied that such holding was correct, and fully sustained by the

authorities then cited. Appellants also contend that, inasmuch as the son was, at the time of his death, a resident of Iowa, it is the law of Iowa, and not of this state, that determines what was and would have been his legal liability to furnish support to his father. Even if we were to concede the point raised, yet it can avail appellants nothing, as, in the absence of proof to the contrary, it will be presumed that the law of Iowa is the same as that of this state.

The judgment appealed from is affirmed, with costs as against appellant Catherine Tobin.