OSCHENREITER, Respondent v. BLOCK, Appellant.

(173 N. W. 734.)

(File No. 4506.   Opinion filed July 22, 1919).

1.  Negotiable Instruments—Note Payable to Maker's Order, Mak-
    er's Indorsement, Effect re Negotiability.                      '
        A promissory note reads "I promise to pay to the order of
    myself * * *"; the note being signed by defendant and by
    him indorsed on the back.   Held, that while not in the ordin-
    ary form, there is nothing about it to excite suspicion and put
    plaintiff, a purchaser, upon inquiry.
2.  Same—Instruments—Suit by Indorsee, Defense of Fraud—Pur-
    chaser's Failure to Make Inquiry, Effect re Good Faith—
    Fraudulent Representations, Conflicting Evidence, Absence of
    Instructions, Presumption re.
        Where plaintiff, purchaser of a promissory note against
    which defense of fraud in its procurement was plead by maker,
    failed to make inquiry or any attempt to ascertain whether
    defendant had any defense thereto, although plaintiff lived only
    a few miles from him with telephone connections at hand,
    held, that, the note being regular upon its face, plaintiff could
    rely upon it without making such inquiry.   So held, where,
    under defense of false representations in its procurement, the
    evidence was conflicting; and, in absence of court's instructions,
    it is presumed trial court submitted the matter to jury under
    proper instruction.

**3. Pleadings—Suit on Note Payable to "Himself," "Amendment Adding "Or Order" Whether Abuse of Discretion.**

Where complaint in a suit on note alleged that, after execution, by defendant, it was payable to "himself," trial court upon trial properly allowed an amendment making the pleading read "himself or order," it being done professedly to make proof comply with pleading.

Appeal from Circuit Court, Day County. Hon. Thomas L. Bouck, Judge.

Action by L. G. Oschenreiter, against Joseph Block, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Waddel & Dougherty,* for Appellant.

*Rex W. Harris,* for Respondent.

POLLEY, J. This action is brought to recover on a promissory note. Plaintiff is an indorsee of the note, and claims to have acquired it for value and in due course, without notice Plaintiff had judgment, and defendant appeals.

[1, 2] A number of defenses are pleaded in the answer, that might have been available against the original payee of the note, but which are not available against the plaintiff, if he is in fact an indorsee in due course. There is no question but that plaintiff paid practically full face value for the note, and it is not claimed that he had actual knowledge of any defect or infirmity in the note. The form of the note was somewhat out of the usual order. It reads: "* * * I promise to pay to the order of myself. * * *" It is then signed by defendant, and by him indorsed on the back. While this is not in the ordinary form, there is nothing about it to excite suspicion or to put plaintiff upon inquiry. It was shown at the trial that, at the time plaintiff purchased the note, he was only a few miles distant from defendant, and that telephone connections were at hand, but that plaintiff made no inquiry, or any attempt whatever, to find out whether the defendant had any defense to the note. But it was not incumbent upon plaintiff to make such inquiry. The note being negotiable in form and regular upon its face, plaintiff had a right to rely upon it under the law. Defendant alleged in his answer, and at the trial produced evidence to prove that the note was procured from him through fraud and false represen-

tations. But, upon this subject, the evidence was conflicting, and in the absence of the instructions of the court upon this question we must presume that the court submitted the matter to the jury under a proper instruction, and that the jury found against defendant upon the facts. Upon the question of plaintiff's good faith in acquiring the note, the trial court charged the jury that—

"The purchaser of a promissory note cannot rely alone upon the fact that he has no information of any defect, defense, or defect of title, or infirmity in or to the same, in order to constitute him a purchaser in good faith, but he must go further, and show that he has used the means that an ordinary prudent person would use to ascertain the manner in which the note was obtained from the maker. He is not permitted to refrain from making inquiry, but the burden is upon him to show that he has used the ordinary means to ascertain, whether or not the note is valid in the hands of the vendor."

If this instruction were unqualified, and correctly stated the law, defendant would have been entitled to a verdict under the facts in the case; but, upon the same subject, the court gave a further instruction, as follows:

"And further, to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith."

This instruction correctly states the law, and, as there was no evidence to show that plaintiff had actual knowledge of any infirmity or defect in the note, or any knowledge to put him upon inquiry, the jury was warranted in finding for plaintiff. It may be that the trial court regarded the last-quoted instruction as a qualification of the first, and the verdict indicates that this was the understanding of the jury.

[3] It is alleged in the original complaint that the note, as executed by defendant, was payable to "himself." During the trial, plaintiff asked leave of the court to amend the complaint, so as to make it read, payable to "himself or order." The amendment was allowed, and the allowance thereof is assigned as error. The allowance of this amendment was clearly within the discretion of the trial court. No question of identification of the note

was involved.   The amendment was made for the purpose—and it was so stated by the trial court at the time—of making the complaint conform to the proof.

This disposes of the case, and it is not necessary to consider the matters involving the circumstances under which the note was executed and delivered to the original payee.

The judgment and order appealed from are affirmed.