TUFTY, Respondent, v. SIOUX TRANSIT COMPANY, et al, Appellants

(10 N. W.2d 767.)

(File No. 8606. Opinion filed August 4, 1943.)

**Bailey, Voorhees, Woods & Bottum** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Louis H. Smith,** of Sioux Falls, for Respondent.

RUDOLPH, J.　■■　This case was before the court on a prior occasion wherein it was held that the attempted appeal by the defendant Sioux Transit Company from the judgment absolving the defendant Ted Tufty from the liability should be dismissed. Tufty v. Sioux Transit Company, 69 S. D. 148, 7 N. W.2d 619. As the appeal now stands the defendant Sioux Transit Company has appealed from the judgment entered in favor of the plaintiff. For the purposes of this opinion, only a brief statement of the facts is necessary. Janis Lee Tufty was riding in a car driven by the defendant Ted Tufty. This car collided with a bus operated by the agent of the defendant Sioux Transit Company and as a result of this collision Janis was killed. The plaintiff, Ivan Tufty, the father of Janis, was appointed special administrator of her estate and brought this action to recover for her death. At the time of her death Janis was five years old; a bright, intelligent, normal child. The jury determined that the proximate cause of the collision and the resulting death of Janis was the negligence of the bus driver and returned a verdict in favor of the plaintiff in the amount of $6,000. By its requested instruction No. 8, the appellant requested the court to instruct the jury that neither the mental pain or suffering of the parents nor the loss of the society and companionship of the child constituted an element of damage in this type of action. This instruction was refused by the trial court. We are of the opinion that this refusal of the court to so instruct was error; that it was also error to include in the instruction on the measure of damages the "possible benefits" which might accrue to the parents from the continued life of this child. In view of the record in this case, we believe this error was prejudicial to the appellant, and requires a reversal and a new trial.

■　This action is of necessity brought under and sustained by our statutes relating to death by wrongful

act. SDC 37.22. We say "of necessity brought under" for the reason that it is. only by virtue of these statutes that a cause of action exists. Ulvig v. McKennan Hospital, 56 S. D. 509, 229 N. W. 383. Under the statute, SDC 37.2203, the damages assessed by the jury are to be "proportionate to the pecuniary injury resulting from such death." For the loss of the companionship and association of the child, and for the grief of the father and mother on account of its death, our statutes, interpreted in the light of judicial decisions upon like statutes, afford the bereaved father and mother no compensation. Smith v. Chicago, M. & St. P. Ry. Co., 6 S. D. 583, 62 N. W. 967, 28 L. R. A. 573; Bottum v. Kamen, 43' S. D. 498, 180 N. W. 948; Smith v. Presentation Academy of Aberdeen, 61 S. D. 323, 248 N. W. 762. While it is established in this state that there is "no mathematical rule or formula by which damages in this class of cases must or should be computed by courts or juries", Bottum v. Kamen, supra [43 S. D. 498, 180 N. W. 951], nevertheless it must be recognized that the type of action is such that the trial court should exert its influence to restrain those excesses into which juries are apt to run. Unless such influence is exerted, sympathy and sentiment will supplant the exercise of an honest and impartial judgment in reaching a verdict limited to the pecuniary injury resulting from the death. We, therefore, are of the opinion that the court erred in refusing to give the instruction requested by appellant which would have cautioned the jury against basing any part of its verdict upon the mental pain or suffering of the parents or the loss of the society or companionship of the child.

■ The trial court instructed the jury by its instruction No. 20 that should a verdict be found for the plaintiff "* * * it should embrace all the probable or even possible benefits which might accrue from this life, * * *". After a considerable search of the cases, we find no support for including the possible benefits which might accrue, except the quotation from the New York case of Morris v. Street Railway Co., 51 App. Div. 512, 64 N. Y. S. 878, set out in

the opinion in Bottum v. Kamen, supra. It, perhaps, should be presumed that by quoting from the New York case, this court approved the rule therein announced, but such presumption, if it exists, is overcome by the language of the court following this quotation whereby it approved the trial court's instruction which in part stated: "She is not entitled to recover anything for the loss of his society, nor is she entitled to recover anything for financial benefit she might possibly have received, but only such benefits as she could reasonably have expected to receive under all of the circumstances of this case."

The reasonable expectation of benefits is, we believe, the rule established in this state. In the case of Smith v. Presentation Academy of Aberdeen, supra, [61 S. D. 323, 248 N. W. 763], the court said: "And the measure of damage is the reasonable expectation of pecuniary advantage to those entitled to recover."

In the case of Stratton v. Sioux Falls Traction System, 55 S. D. 464, 226 N. W. 644, 648, the court said: "His pecuniary loss would be the amount he might reasonably expect to receive from his son."

It might be that under the rule announced in the case of Tobin v. Bruce et al., 39 S. D. 64, 162 N. W. 933, and approved in the Bottum-Kamen case, mere expectancy of support from a child on the part of a parent is sufficient upon which to predicate the action and sustain nominal damages, but to sustain a verdict for substantial damages, we believe that such verdict must be based upon a reasonable expectation of benefits as disclosed by all of the circumstances of the case, a mere possibility of benefits is not sufficient. This court has taken the liberal view and held that the earnings or probable contributions of a child beyond minority may properly be considered in an action for wrongful death, as opposed to the limited rule in some states that the damages recoverable by a parent for the death of his minor child are limited to compensation for loss of earnings and services of the child during the period of his minority, and that damages for the loss of benefits which

the parent might have received from a child after he attained his majority, had he lived, are too speculative and therefore not recoverable. To further extend our present rule to include any possible benefit, and have that benefit bear no relation to the benefit which might reasonably be expected under all the facts and circumstances of the case, would be placing the whole matter in the discretion of the jury without stint or limit. While under our present rule there is no mathematical rule or formula by which damages in this class of cases should be computed, yet those damages should bear some relation to the benefit which, as shown by the record, might reasonably be expected.

 As stated above, the jury returned a verdict for $6,000. That this verdict is large is apparent, when considered in the light of the fact that our statute permits neither punitive damages, damages for the pain or suffering of the child nor damages to the parents for their grief or the loss of the companionship and society of the child. Janis was a bright, normal girl. That she was dear to the heart of her parents is without question. However, there is nothing to indicate that the value of her services before majority, or the amount she might contribute to her parents thereafter would have been greater than that of the ordinary girl of her age. For many years she would have been an expense to her parents. The financial condition of the parents is not shown by the record, but assuming that these parents are in average financial circumstances, we believe, that a verdict of $6,000 is, at the least, a large estimate of the amount they might reasonably have expected in the way of pecuniary aid from Janis. We do not hold that the verdict is excessive. We are of the opinion, however, that had this jury been cautioned against including in its verdict any amount for the grief of the parents and their loss of the companionship of the child, and had the court limited the verdict to the amount these parents might have reasonably expected to receive from the girl, a different and smaller verdict might have resulted. Especially is this true in the light of this record. The death of the little girl itself would

very naturally create a sympathy for the parents, and while there was no dispute of the fact that Janis was a normal and bright girl for her age, there was introduced in evidence four different pictures of the girl all taken under conditions and poses which when considered in the light of her tragic death would naturally arouse the sentiment and sympathy of the jury. The health and physical condition of Janis was a material element to be considered by the jury in fixing the amount of recovery, and for this reason a picture or pictures of the girl should not be excluded merely because the jury might be improperly influenced thereby. The number of the pictures admitted must be left to the sound judicial discretion of the trial court, but where, as here, the court admitted four pictures, when there was no dispute concerning the health or physical condition of the child, and where each picture was such that it would appeal to the feeling of the jury, strong reason appears for the cautionary instruction requested by appellant.

█ In its instructions on negligence the court referred to "a careful and prudent person." The appellant contends that such reference should have been to "an ordinarily careful and prudent person." We are of the opinion that the reference should have included the word "ordinarily."

The judgment appealed from is reversed.

All the Judges concur.