# Cumberland Railroad Company v. Baird.

(Decided December 3, 1913).

## Appeal from Knox Circuit Court.

1. Railroads—Public Crossing—Failure to Keep in Reasonably Safe Condition—Personal Injury—Evidence.—In an action for damages for personal injury alleged to have resulted from the failure of the railroad company to keep a public crossing in a reasonably safe condition for ordinary travel, evidence examined and held sufficient to sustain a finding in favor of plaintiff.

2. Railroads—Aggravation of Damages by Plaintiff—Pleading—Instructions.—Where the pleadings do not present the issue of plaintiff's aggravation of damages by her own negligence, it is not error to refuse an offered instruction covering this phase of the case.

BLACK, BLACK & OWENS for appellant.

J. M. ROBSION and W. R. LAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries, plaintiff, Martha Baird, recovered a verdict and judgment against defendant, The Cumberland Railroad Company, for the sum of $675. The railroad company appeals.

In Knox County there is a county road leading from Brush Creek to Owens Branch. The railroad crosses this road. According to the evidence for plaintiff, she was riding horseback along this road on November 28, 1911. When she reached the crossing the horse's foot got caught in some way on and between a projecting spike and one of the rails of the railroad track. The spike projected above the tie for a space of about two inches, and was in the traveled part of the road. As soon as his foot was caught the horse began to plunge and surge, and plaintiff, who was a large woman, attempted to alight and was thrown to the ground. The bad condition of the crossing had not only existed for some time, but there was some evidence to the effect that defendant's agents had been apprised of its condition. Alighting from the horse plaintiff's side was wrenched and hurt. From that time on there was a pain in her side, which continued to the day of the trial. About two days after the accident plaintiff began to suffer with flooding. This

condition continued until she took to her bed. Prior to the accident plaintiff was strong and able to work; after that she was not able to do much. By reason of the pain she was unable to lie on her left side, and could not sleep well. She was very much weakened by loss of blood. For about four months she was unable to do anything. Before the injury plaintiff was a stout, hearty-looking woman; after that time she became weak and pale, and lost 25 pounds in weight. About two months after the accident she suffered a miscarriage.

Defendant's evidence was to the effect that after the accident plaintiff, who was engaged in peddling produce to the miners in that section of the country, continued to ride and walk over the mountains. Defendant also introduced one or two witnesses who stated that the projecting spike was not in the road, but several inches from the road. Several physicians also testified that in their opinion an injury sufficient to produce a miscarriage would have resulted in a miscarriage within from three to ten days after the accident, and it was not probable that the miscarriage which she suffered two months later was the result of the accident. One or two physicians also testified that plaintiff's womb was lacerated, and this might account for the miscarriage.

Defendant insists that the evidence utterly fails to show that the miscarriage was caused by the accident. In view, however, of the fact that plaintiff was strong and well before the accident, and from that time on suffered with a pain in her side, and, beginning about two days later, she suffered from flooding spells, which finally terminated in a miscarriage, we cannot say that the finding of the jury is not supported by the evidence.

Though the instructions given by the trial court are in some respects subject to verbal criticism, we do not find therein any errors prejudicial to the substantial rights of the defendant.

Defendant contends that there was some evidence tending to show that plaintiff's injuries were aggravated by her own carelessness, and that the court erred in refusing to give an offered instruction covering this phase of the case. The doctrine is that where after the occurrence the plaintiff, by his own negligence, increases the damage, then the defendant is liable only for the consequences of his own acts, and not for those of plaintiff, which are separable from the results of his own acts. 1 Harris on Damages by Corporations, Sec. 224; Work-

man v. Great Northern Railroad Co., 32 L. J. Q. B., 279. In this case, however, no such issue was presented by the pleadings. It was, therefore, not error to refuse the offered instruction. C., N. O. & T. P. Ry. Co. v. Crabtree, 30 Ky. Law Rep., 1000.

Certain alleged errors in the admission of testimony are relied on, but we do not regard them of sufficient consequence to authorize a reversal.

Judgment affirmed.