# Chesapeake and Ohio Railway Company v. Shirley's Administratrix.

(Decided November 23, 1926.)

(Rehearing Denied, with Modification, March 8, 1927.)

## Appeal from Franklin Circuit Court.

1. Negligence—Instruction Authorizing Recovery Proportional to Defendant's Negligence Held Erroneous, as Allowing Recovery Although Contributory Negligence was Sole Cause of Death (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657-8665]).—In action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), instruction to allow plaintiff only proportional amount if decedent was guilty of such negligence "as that, but for same, his injury would not have been received," held erroneous, as allowing proportionate recovery, although the decedent's negligence was sole cause of death.

2. Appeal and Error—Defendant, Not Pleading Decedent's Contributory Negligence, Cannot Complain of Instruction Authorizing Recovery in Proportion to its Negligence (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657-8665]).—Defendant, not pleading decedent's contributory negligence, either as absolute or pro tanto, in death action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), cannot complain of instruction as authorizing verdict measure, by proportion of its negligence as compared with entire negligence of both itself and decedent.

3. Master and Servant—Contributory Negligence Must be Pleaded in Action on Federal Employers' Liability Act, if Required by State Practice (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657-8665]).—If state practice requires contributory negligence to be pleaded, it must be pleaded in action on federal Employers' Liability Act (U. S. Comp. Stats., section 8657-8665).

4. Pleading—Matters Constituting Only Partial Avoidance of Adverse Claims May be Pleaded, and Seemingly are Required by Statute to be Relied on in Pleading (Civil Code of Practice, Section 113, Subsec. 2).—Civil Code of Practice, section 113, subsec. 2, permits pleading of matter constituting only partial avoidance of adverse litigant's allegations, and seemingly requires that such matters be relied on in pleading, as court will not presume that legislature intended to authorize employment of surplusage.

5. Master and Servant—State Court Does Not Encroach on Federal Court's Exclusive Right to Construe Employers' Liability Act by Holding Contributory Negligence Must be Pleaded (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657-8665]).—In holding that decedent's contributory negligence must be pleaded by defendant in mitigation of damages, in action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), state court does not encroach on federal court's exclusive right

to construe such statute; procedure or administration thereof, being matter of local observance.

6. Death—Time During which Children Beneficiaries Under Federal Employers' Liability Act (U. S. Comp. Stats., Sections 8657-8665) May Expect Benefit from Father Not Limited to Minority.— Pecuniary advantage which children may reasonably expect to enjoy from their father is not absolutely confined to their minority, so as to warrant instruction limiting recovery under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665) for father's death to their minority.

7. Appeal and Error—Reference by Plaintiff's Counsel to Defendant's Witness as Master's Slave, Incapable of Thinking for Himself Except at Master's Bidding, Held Not Prejudicial Error.—In action against railroad for fireman's death, statement to jury by plaintiff's counsel, referring to brakeman, who testified for defendant, as "the servant and slave of the master, incapable of thinking for himself, except at the master's bidding," held not prejudicial error.

8. Appeal and Error—Trial—Statement of Plaintiff's Counsel that Defendant Killed Infant Children's Santa Claus, and Asking Defendant to Fill Their Stockings on Christmas Eve, Held Improper, But Not Prejudicial in View of Verdict.—In action against railroad to recover damages for benefit of widow and two infant children of deceased fireman, statement of plaintiff's counsel to defendant's counsel, "You killed their Santa Claus. In the name of God, I ask you to fill their stockings on Christmas Eve night," held improper, but not prejudicial in view of verdict.

HUNT, NORTHCUTT & BUSH and MORRIS & JONES for appellant.

FRANKLIN, TALBOTT & CHAPMAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Shirley, a fireman on a train of appellant company, was killed in a collision between the train on which he was working and a work train at West Frankfort, and this suit by his administratrix was instituted in the Franklin circuit court under the federal Employers' Liability Act, to recover damages for the use and benefit of the widow and two infant children of Shirley. The jury returned a verdict for $18,000.00, of which $5,000.00 was for the widow, $6,333.33 for Virginia Shirley, a daughter, and $6,666.67 for Audrey Shirley, the other daughter. Judgment being entered in accordance with the verdict the railway company prosecutes this appeal.

Appellant in brief says that it will present "argument for reversal under two general classifications: (1)

Relating to patent errors in the instructions and (2) relating to the grossly improper argument by counsel for appellee." The instruction on the measure of damage is complained of as erroneous, and that instructions Nos. 2 and 4, both upon the measure of damages, are contradictory. Appellant company offered instruction "X" upon the measure of damages, after the court had prepared and given instruction 2 upon that subject, whereupon the court prepared instruction 4, which was in substance the same as instruction "X," and gave that to the jury. Instruction No. 2 was copied from an instruction given in the case of Davis, Director General v. Burns' Admrx., 207 Ky. 703, and there approved. Instruction "X," offered by appellant, directed the jury, in case it found for plaintiff, to award her only such sum as represents the present cash value of the reasonable expectation of pecuniary advantage to Margaret Shirley, the widow of H. C. Shirley, from the continuance of the life of the decedent, H. C. Shirley, during her widowhood and while dependent; and also such sum as represents the present cash value of the reasonable expectation of pecuniary advantage to Virginia Shirley and Audrey Shirley, the children of decedent, from the continuance of the life of decedent during their respective minority and dependency, and told the jury that in determining the present cash value of the expectancy it might take into consideration the annuity tables introduced in evidence, using the rates of interest prevailing in the locality of Frankfort; and the court further told the jury that if it believed from the evidence that decedent was at or before the time he left West Frankfort aware of the train orders requiring the train on which he was employed, to meet work train No. 971, at West Frankfort, he was guilty of contributory negligence, in which event the jury should not allow the administratrix full damage but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the defendant bears to the entire negligence attributable to both the decedent and defendant. In rewriting this instruction the court omitted the word "minority" in the expression "during their respective minorities and dependencies," and so changed that part of the instruction with respect to contributory negligence as to make it read, "but if the jury believe from the evidence that said decedent was at the time of his injury guilty of such negligence on his

part as that but for same his injury would not have been received, then in that event the jury will not allow the plaintiff the entire damages but only a proportional amount,'' etc., the objection being that the court allowed no reduction unless the negligence of the decedent was so great as but for it his injury would not have been received, whereas, the railroad company insists that if he were guilty of contributory negligence, whether it helped to bring about the accident or not, the company was entitled to a reduction in damages according to the proportion of negligence of which he was guilty to that of the other employes of the company.

It may be conceded for the purposes of this case that the language found in the contributory negligence instruction, ''That but for same his injury would not have been received,'' was tantamount to saying that decedent's negligence was the sole cause of his death, and in such case defendant would not be liable therefor, for the all sufficient reason that its negligence, if any, had no part in bringing about that result. The concession above, if correct, would plainly render the complained of instruction erroneous, since under it the jury was authorized to return a verdict against defendant measured by the proportion of its negligence as compared with the entire negligence of both itself and that of decedent, although the latter was the sole cause of his death. But, notwithstanding the error as pointed out, defendant may not complain of it in this case because it did not plead decedent's contributory negligence either as an absolute or a *pro tanto* defense. It seeks to avoid that omission with the contention that under the Federal Employers' Liability Act contributory negligence by plaintiff which is not the sole cause of the injury only mitigates his damages as prescribed by the statute and that a defendant is not required to expressly aver in his pleading facts which only mitigate the damages, or, in other words, which form only a *pro tanto* defense. We, however, can not agree with learned counsel in that contention if it is to be understood to declare a universal rule of practice.

Mr. Thornton in the third edition of his Federal Employers' Liability Act, page 311, section 209, on the question of practice now under consideration, says: ''If the practice in the local state courts requires a particular defense to be presented by answer, it must be so presented

in an action on the federal act. That is true where assumption of risk must be especially pleaded according to the local practice. But if the local practice does not require a plea or answer to raise the question, then in an action under the federal act it may be raised without pleading it. If the local practice requires contributory negligence to be pleaded in actions of negligence, then it must be pleaded in an action on the federal statute, not as a full defense, but a defense as to the amount of damages recoverable, and the defendant, whether pleaded or not, has the burden to show it." Cases from both federal and state courts are cited in notes 109-110-111 to the text in its substantiation, many of which we have examined and found that they do so.

In Roberts on Injuries to Interstate Employees on Railroads, edition 1915, section 119, page 226, the text endorses the same rule of practice in this language: "The question whether contributory negligence of the injured employe in order to be available to the defendant must be pleaded is to be determined by the laws of the state where the action is pending, for such a matter relates to procedure, and the laws of the state govern as to procedure even in actions under the federal Employer's Liability Act." It appears that in at least one jurisdiction (North Carolina) in the case of Lloyd v. Southern Railway Company, 166 N. C. 24, the contrary view was taken, but the great majority of courts as well as the better reasoning sustains the practice as announced by the two authors referred to. The question then is: What is the practice in this jurisdiction with reference to procedure in reliance on facts furnishing only a *pro tanto* defense, or only in mitigation of damages?

Subsection 2, section 113, of our Civil Code of Practice says: "A pleading may contain statements of as many causes of action, legal or equitable, and of as many matters of estoppel and of avoidance, legal or equitable, total or partial; and may make as many traverses; and may present as many demurrers as there may be grounds for in behalf of the pleader." That language, to say the least of it, permits the pleading to contain matter which constitutes only a *partial* avoidance of what is alleged and claimed by the adverse litigant. It would also seem to *require* that such matters should be relied on in the pleading and to possess more force than

a mere granting of permission; for, if the latter only was intended it could have served no purpose and would have endorsed the practice of employing surplusage, which we will not presume it was the intention of the legislature to do. Moreover, in the case of C. N. O. & T. P. Ry. Co. v. Crabtree, 30 K. L. R. 1000, we held that a defendant in a personal injury action against him on account of his negligence was not entitled to a mitigation of plaintiff's damages on account of the latter's failure to exercise ordinary care to mitigate them after his injury, because such failure on the part of plaintiff was not pleaded or relied on in the answer. We followed the rule announced in that case in the later one of Cumberland Ry. Co. v. Baird, 156 Ky. 255. In each of those cases defendant asked for a mitigating instruction based upon the failures and omissions of plaintiff that it claimed were proven in the case, but the court refused them and we sustained that ruling solely upon the ground that there was no answer relying upon such partial or *pro tanto* defense.

We can discern no difference in principle between those cases dealing with the particular partial defense there involved and the fact of this one dealing with a similar defense, although allowed by a federal statute. In so holding, we do not encroach upon the exclusive right of the federal courts to construe the federal statute involved. The effect given by the federal courts to any of its provisions must be administered by the state courts through the means by which that is locally done. In other words, the procedure by which it is done is a matter of local observance in effectuating any of the rights conferred by the statute. That being true, and defendant not having relied on decedent's contributory negligence, it can not complain of the attacked contributory negligence instruction which the court erroneously gave to the jury. Whatever benefit it did confer on defendant at the trial was that much more than it was entitled to, and the complained of error in its phraseology is not available to it on this hearing.

The pecuniary advantage which an infant child may reasonably expect to enjoy from the father is not absolutely confined to the minority of the child, for in many cases the child on becoming of age is sick or helpless and unable to earn its living and in such case it is the duty of the parent, the child being a member of his household, to continue to maintain and support the child. Breuer

v. Dowden, 207 Ky. 12. In the recent case of L. & N. R. R. Co. v. Wingo's Admrx., 213 Ky. 336, we said:

> "It not infrequently happens that the father's income is not sufficient to meet the burden of a large family, and that many children go to work long before they are twenty-one, and not only support themselves but contribute to the maintenance of the rest of the family, in which event the children may not have a reasonable expectation of receiving pecuniary benefits from their father even during their minority. On the other hand, the father may intend to send his child to college, or the child's health or lack of ability may be such as to require assistance from his father after he reaches a majority. Hence, it can not be said in every case that the child has no reasonable expectation of receiving pecuniary benefits from his father, after he becomes twenty-one years of age. We are, therefore, of the opinion that the time during which children may reasonably expect pecuniary benefits from their father is a question for the jury, to be determined in the light of all the facts and circumstances, and should not be limited by instruction to the period of their infancy."

The trial court was not in error in rejecting the theory of the railroad company which confined the recovery to the minority of the children and followed the established rule based upon the theory that some children, even after attaining their majority, are yet dependent upon the parent and entitled to support. Nor were instructions Nos. 2 and 4 so inconsistent as to have misled the jury. The inconsistency, if any, in the instructions arose out of the suggestion made by counsel for appellant in the offered instruction No. "X."

Appellant complains bitterly of the argument made by counsel for appellee to the jury, and asserts that the judgment should be reversed upon these grounds. One of the witnesses testifying for the railway company was named Harnett. He was head brakeman and gave rather important evidence on behalf of the railway company. In commenting upon his evidence counsel for appellee said:

> "Harnett, the servant and slave of the master, incapable of thinking for himself, except at the master's bidding,"

when counsel for appellant objected and moved the court to admonish the jury not to consider the argument, but this motion was overruled by the court. The bill of exceptions does not show just the connection in which this argument was employed, and we are unable to see in what particular the words employed could have been prejudicial. Standing alone they are not very different from expressions we frequently hear in arguments to juries in cases similar to this. Further arguing, the counsel again referred to the witness, Harnett, as one serving his master, and counsel for appellant objected, but the objection was overruled by the court. Thereupon counsel, further arguing, said, "You killed their Santa Claus (pointing to defendant's counsel); in the name of God I ask you to fill their stockings on Christmas eve night, and I ask it for Jesus' sake," whereupon counsel for appellant objected, and counsel for appellee immediately withdrew the statement and apologized for making it. Some of these statements bordered on an appeal to the passion and prejudice rather than to the reason of the jury and should not have been made, but in this case, where there is no complaint of excessive verdict, where a young man thirty-four years of age, earning about $175.00 to $180.00 per month, was killed in an inexcusable collision, leaving a wife and two infant children, the argument cannot be said to have been so prejudicial as to have influenced the jury, or so hurtful as to have required a discharge of the jury by the court and a continuance of the case. This court has many times emphasized its disapproval of such argument, and such argument is not and cannot be approved. However, the nature of this case considered, we are constrained to hold that the argument was not prejudicial.

Judgment affirmed.