STRATTON, Respondent, v. SIOUX FALLS TRACTION SYSTEM, Appellant.

(226 N. W. 644.)

(File No. 6452. Opinion filed August 3, 1929.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.

*Cherry, Davenport & Braithwaite* and *Parliman & Parliman,* all of Sioux Falls, for Respondent.

BURCH, J. This case was before this court on an appeal by plaintiff in 1925. The opinion is reported in 49 S. D. 113, 206 N. W. 466. The judgment in favor of defendant upon the first trial was reversed because of the admission of improper evidence held to be prejudicial to plaintiff. The case was again tried, and now comes before this court upon an appeal by defendant from a judgment and an order denying a new trial.

The action is brought under article 1 of chapter 7, Rev. Code 1919, sections 2929-2932, inclusive, by the administrator of the estate of Clarence Stratton, deceased, to recover of defendant damages for negligently causing the death of said Clarence Stratton. Clarence Stratton was instantly killed while driving a truck south on Minnesota avenue at the intersection of the said avenue with Brookings street in the city of Sioux Falls on the 15th of November, 1920, in a collision with a street car belonging to and operated by defendant. The street car was running east on Brookings street, and collided with the truck as it attempted to cross the tracks of defendant company on Minnesota avenue. Clarence Stratton left no wife or child, but is survived by his father and his stepmother. At the time he was killed he was an employee of the Interstate Fruit Company, of Sioux Falls.

After the accident the father and stepmother, Herbert M. Stratton and Nettie Stratton, brought an action under section 9458, Rev. Code 1919 (a section of the Workmen's Compesation Act), against the Interstate Fruit Company and the Continental Casualty Company, and recovered a judgment for $1650. On the second trial, which is now before the court, the action was prosecuted by the administrator, for and on behalf of the Continental Casualty Company and the father of Clarence Stratton. The Continental Casualty Company is interested in recovering the amount paid by it under the Workmen's Compensation Act, and Stratton, the father, is interested in any excess which may be recovered over and above that due the Continental Casualty Company.

When the case was called, and before the trial commenced, plaintiff moved the trial court to forbid defendant making reference to the Continental Company's interest in the action. This was objected to by defendant, and exceptions were taken to the ruling of the court sustaining the motion. The first assignment of error pertains to this order.

■ While the proceeding seems to be novel and unusual, in that the real parties in interest are not permitted to be mentioned, yet we are unable to see wherein defendant was prejudiced. The insurance company is not the sole beneficiary of the administrator's suit. If it were, we might feel differently. The other beneficiary, Stratton, was not only known, but shown to be needy and dependent upon deceased for support. A jury would not be likely to be influenced by sympathy for an insurance company, where it might be for a needy individual; but as Stratton's recovery of any amount depends upon a verdict for a larger amount than is due the company, keeping the company in the background was as likely to be favorable to defendant as to be prejudicial. We think the ruling erroneous, but not prejudicial.

■ The other questions presented by the assignments pertain to the sufficiency of the evidence to support the verdict and to the admission and rejection of certain evidence. The negligence of defendant, which plaintiff relies upon as entitling him to recover, consists in not stopping the street car in time to avoid the accident. The failure to stop is attributed to insufficient brakes or a failure to timely and properly apply them. It is not contended that the motorman did not keep a proper lookout, or that he was

running too fast, or failed to sound a warning, or was otherwise negligent in operating the street car. The failure to stop the car with the brakes is the negligence relied upon to support the action. If there is no evidence that the brakes were defective or not properly used, then there is no proof of negligence to support the verdict. As a part of the evidence to prove that the brakes were defective, plaintiff introduced evidence of a statement made by the motorman, about 15 minutes after the collision, to the effect that, if his brakes had been working, he could have stopped in time to avoid the accident. This evidence was objected to as purely hearsay, not impeachment or cross-examination, and not a part of the res gestæ. The court overruled the objection and that ruling is assigned as error.

There was no other evidence offered by plaintiff that the brakes were defective, except the testimony of one woman, who said that she rode upon the car involved in the accident the day following the accident, and that at that time the brakes were not working properly. At the close of the plaintiff's case in chief, defendant moved for a directed verdict on the ground that the evidence was insufficient. The motion was denied. Thereafter appellant proceeded with its defense and the motorman testified. He denied saying that, if his brakes had been working, he could have stopped in time to avoid the accident; but he also gave his version of what happened at the time of the accident, and told when he first applied the brakes, the speed of his car when and where they were first applied, the distance the car ran after they were applied, how fast the car was moving when it struck the truck, and the effect of the collision; so the jury then had a considerable number of facts from which it might draw conclusions as to the efficiency of the brakes. Under the proof as then developed, there was sufficient evidence to go to the jury on the question of negligence of the street car company. At the close of all the testimony, the motion for directed verdict was renewed, and denied. It is apparent the denial of the motion was proper, if all the testimony on the question of appellant's negligence was competent. That pertaining to the motorman's statements to the effect that his brakes did not work properly is claimed by appellant to be hearsay and therefore incompetent. Respondent contends it was competent as res gestæ.

There is no contention that it was competent, unless res gestæ.

The statement was made about 15 minutes after the collision, and after the motorman had left the scene of the accident and gone to a telephone, where he talked with some one not disclosed by the record.

This is so obviously not admissible as res gestæ that an extended discussion of the contentions of counsel seem unnecessary. There is a class of declarations admissible as res gestæ which are mere verbal acts. There is no more reason for excluding a scream, an exclamation, or a whole sentence, when essentially a part of the occurrence, than to exclude any other noise. No one would claim the motorman's statement falls in that class. There is another class, where a declaration is not a verbal act, but is, nevertheless, an incident forming a part of, connected with, and growing out of the transaction that is the subject of inquiry, which illustrates, elucidates, qualifies, or characterizes the act, and forms a part of the one continuous transaction. Such declarations are hearsay, but are admissible as an exception to the hearsay rule, under the doctrine of res gestæ. They must be contemporaneous with the principal event, though not necessarily coincident in point of time.

Two old California cases fairly illustrate the principle. Innis v. Steamer Senator, 1 Cal. 459, 54 Am. Dec. 305, and Gerke v. Cal. Steam Nav. Co., 9 Cal. 251, 70 Am. Dec. 650; note, 95 Am. Dec. 59. The Innis Case was a suit for damages in a collision of two vessels. The Rhode Island was anchored without lights between two other vessels. The Senator ran into the Rhode Island, and the owner of the Rhode Island sued for damage. It was sought to show a statement made by the captain of the Senator the next morning, to the effect that he saw the Rhode Island, but thought she was further off than she actually was, because he was deceived by the lights of the other vessels, and the Rhode Island was in the shadow of a hill. This statement of the captain was held not admissible as res gestæ. The Gerke Case was a suit for damages for setting fire to grain by a steamer plying the Sacramento river. As the steamer progressed, sparks were thrown from its smomestack, setting fire repeatedly on the bank of the river. It was sought to show the captain said on the way. "It is pretty hard on the farmers to have their crops burnt up; if I thought the wind would lull in two or three hours, I would wait that time." This was held admissible as res gestæ, the court holding that the setting of all the fires

along the bank was a continuous transaction, and what was said and done by the captain in charge during all that time was connected with and a part of the transaction.

 The instant case is much like the Innis Case above cited. The statement of the motorman was after the accident, not contemporaneous with it, and not connected with it, except by reference and as a narrative of a past occurrence. We do not think it is sufficiently close to require further analysis or review of authorities. The admission of the statement over objection of appellant was error.

 Respondent contends, however, that, though error, it was not prejudicial, because there is no substantial difference between the facts related by the motorman as a witness on the witness stand and the statement ascribed to him after the accident. The motorman testified, and described his brakes and how they worked. He says the car was equipped with air brakes, that such are the most efficient and best brakes for street cars, and that they were in good working order. He explains that an air brake, when working efficiently, will not set for an appreciable time after the air is turned on; that in operating them he turned the air on as soon as he saw the truck approaching, and the brakes did not operate soon enough to stop the car before it reached the truck. But he says they operated as promptly and efficiently as such brakes can act.

We do not decide that the jury were bound to believe this. It may be there were sufficient facts from which the jury could infer the contrary. But the jury should be free to weigh the evidence, uninfluenced by incompetent evidence. The motorman denies that he said, if his brakes had held, he could have avoided the accident, but admits he did say his brakes did not hold soon enough. Probably there is no substantial difference to the mind of the layman in the two statements. Neither were admissible, and neither may contradict the competent evidence. The prejudice does not arise from its consistency or inconsistency, but from the manner of its introduction. The statement made, whether as related by respondent's witness, Mann, or as admitted by the motorman, is in the nature of a conclusion, drawn from the facts concerning the brakes. If they are as related by the motorman, then his conclusion does not evidence negligence. The statement, introduced as it was, without the facts from which it was drawn, appeared and was intended to

appear as an admission of fault. The jury would naturally be influenced in weighing the motorman's testimony, if they thought he had, shortly after the accident, admitted that his brakes did not hold as they should. Prejudice would therefore result. There being so little proof of defective brakes, we cannot say the verdict was uninfluenced by the improper and incompetent evidence. The cause of action against appellant is bottomed in negligence. If appellant was not negligent, there can be no recovery.

There are two other questions that should be decided, as they are likely to arise in another trial.

First. It is contended by appellant that deceased was guilty of contributory negligence as a matter of law. Before this court can say deceased was negligent, under the circumstances, the facts from which the conclusion is to be drawn must be established without dispute. We have the motorman's version of what happened, but nothing from the viewpoint of deceased. He was alone, and did not survive long enough to make any statement. What influenced his actions, and what precautions, if any, he took for his own safety, nowhere appears. Negligence cannot be presumed. It is for the jury to determine what the facts are, from all the evidence and circumstances surrounding the accident. The motorman's version of what happened is not to be treated as conceded, because not denied.

Second. Appellant complains of the admission in evidence of the age and financial condition of the beneficiary, Herbert M. Stratton, father of deceased. His right of recovery is given and controlled by sections 2929 to 2932, inclusive, Rev. Code 1919, and the amount of recovery is measured by the pecuniary loss resulting to him from the death of his son. His pecuniary loss would be the amount he might reasonably expect to receive from his son. There is a legal duty of the son to support his indigent aged parents. There is also a moral duty. The moral duty may be broader than the legal duty, but in the performance of either it is reasonable to expect the son will contribute more to his father, if he is needy, than if he is wealthy. Consequently the financial needs of the parent are material. Ordinarily the financial condition of the parties to a lawsuit is not material to any issue, and when such is the case it is prejudicial to show the financial condition of either party, to influence the verdict. But when such condition becomes a

material element of the right to recover, it cannot be excluded merely because the jury may be improperly influenced thereby. Many facts may appear in a lawsuit having a tendency to influence the jury by exciting sympathy or passion, but that is not a reason for excluding them. In proving the pecuniary loss under similar statutes, the right to show the financial condition of a parent has been upheld generally. Thompson v. Johnston Bros. Co., 86 Wis. 576, 57 N. W. 298; Kali Inla Coal Co. v. Ghinelli, 55 Okl. 289, 155 P. 606; Paskvan v. Allouez Mining Co., 185 Mich. 329, 152 N. W. 82; Mulhall v. Fallon, 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 79 Am. St. Rep. 309; Cincinnatti St. Ry. Co. v. Altemeier, 60 Ohio St. 10, 53 N. E. 300; Crabtree v. Mo. Pac. Ry. Co., 86 Neb. 33, 124 N. W. 932, 136 Am. St. Rep. 663; Lynch's Adm'r v. Cent. Vermont R. Co., 89 Vt. 363, 95 A. 683.

Appellants cite but one case to the contrary, where the issue of pecuniary injury to a parent for loss of a child was involved. Cases involving damages sustained by direct personal injury to the one hurt in the accident are not in point. The one case that seems to support respondent's position is Green v. Southern Pac. Co., 122 Cal. 563, 55 P. 577; but it is in conflict with the weight of authority, and is not supported by convincing reason.

 Such evidence is not incompetent, but, if not judiciously used, may on another ground work a reversal, if it appears that the jury were improperly influenced thereby, and, instead of accepting it for what it is intended, allow their sympathy or prejudice to influence the verdict. Counsel should be careful not to overemphasize or go into unnecessary detail as to the poverty of the beneficiary, lest improper influence result, with a consequent mistrial.

The judgment and order appealed from are reversed.

MISER, C., sitting in lieu of BROWN, J., absent.

POLLEY, CAMPBELL, and MISER, JJ., concur.

SHERWOOD, P. J., not sitting.