## MINNEHAHA COUNTY, S. D., v. KELLEY.

### No. 12985.

Circuit Court of Appeals, Eighth Circuit.

July 11, 1945.

John B. Shultz, of Sioux Falls, S. D. (John R. McDowell, of Sioux Falls, S. D., on the brief), for appellant.

Holton Davenport, of Sioux Falls, S. D. (Ellsworth E. Evans and Louis R. Hurwitz, both of Sioux Falls, S. D., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee, a resident and citizen of the State of California, as special administratrix of the estate of James Vere Seigfred, deceased, to recover damages for the death of said James Vere Seigfred by wrongful act. We shall refer to the parties as they appeared in the trial court.

As basis for defendant's liability, it is alleged in the complaint that plaintiff's decedent, while driving a motor vehicle northerly upon or across a bridge on a north and south graveled county highway in Minnehaha County, South Dakota, was precipitated into the ditch or draw spanned by said bridge, receiving injuries from which he subsequently died; that for several months prior to June 14, 1943, the date of the accident, the bridge had become out of repair so as to endanger the safety of public travel; that the defendant had knowledge and notice of the unsafe condition of said bridge for a period of more than twenty-four hours prior to its collapse but failed to cause to be erected substantial barriers to guard the public from accident or injury, as provided by statute; that the bridge was out of repair in that

the bed or bottom of the draw or ditch spanned by the bridge was washed, eroded and carried away by the water passing through the ditch or draw, and while plaintiff's decedent was attempting to cross the same it collapsed as a result of the washing away and erosion of the earth upon which the abutments had been constructed; that decedent was survived by his father and his mother, who suffered pecuniary loss in the sum of $10,000.

Defendant moved to dismiss the complaint on the ground that it failed to state a cause of action and that the court did not have jurisdiction over the parties or the subject matter. This motion was denied, whereupon defendant answered, admitting the citizenship of plaintiff and her appointment as special administratrix; admitted that it was in charge of the maintenance and repair of the highway on which the bridge in question was located; that the bridge collapsed, but denied that the collapse was caused by want of proper repairs; that the collapse had occurred shortly prior to the accident and was caused solely and entirely by excessive and unusually copious rainfall. The answer also pleaded contributory negligence on behalf of deceased.

At the close of plaintiff's evidence, defendant interposed a motion for a directed verdict, which was denied. It then introduced evidence in support of its defense, and the cause was submitted to the jury on instructions to which neither party saved exceptions. The jury returned a verdict in favor of plaintiff for $7,500, and judgment was entered thereon.

In seeking reversal defendant contends that: (1) the court erred in denying its motion to dismiss the complaint; (2) the court erred in overruling objections of defendant to questions propounded to the witness Frederick H. Schroeder; (3) the court erred in overruling objections of defendant to questions propounded to the witness Melvin L. Nelson; (4) the court erred in limiting the cross-examination of plaintiff's witnesses; (5) the court erred in permitting plaintiff's counsel to impeach its own witness; (6) the court erred in allowing plaintiff to introduce in evidence the physical condition of decedent's parents who were the beneficiaries; (7) the court erred in permitting the introduction of documentary evidence consisting of weather reports; (8) the court erred in denying complete examination of the witness Frederick H. Schroeder to show the depth of the draw and water course leading to the bridge in question; (9) the court erred in denying defendant's motion for a directed verdict and in entering judgment.

By its motion to dismiss the complaint defendant has raised two questions: (1) the sufficiency of the allegations of the complaint to constitute a cause of action, and (2) the jurisdiction of the court over the parties. Decedent was a resident and citizen of the State of South Dakota. His father and mother, who are named as the beneficiaries in the complaint, were at the time of the commencement of the action residents and citizens of the State of South Dakota. The administratrix, as has been observed, was a resident and citizen of the State of California. Rule 17(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in part as follows: "Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust * * * or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *."

■■ Plaintiff sued in a representative capacity; she was a resident and citizen of the State of California; she was the only necessary or proper party plaintiff. Parties acting in a representative capacity, if jurisdictional requirements are otherwise satisfied, have the right to maintain a civil action in a Federal court, and the citizenship of the representative party controls irrespective of the citizenship of the persons for whose benefit the action may be brought. In other words, the Federal courts have jurisdiction of actions by or against executors and administrators, if their citizenship is diverse from that of the opposing party. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Mexican C. R. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245.

■ Defendant also contends that the complaint did not state facts sufficient to constitute a cause of action. In South Dakota a county can not be held liable for damages for death by wrongful act or personal injuries except as expressly authorized by statute. Plaintiff predicates her right of action and the liability of defendant county upon Section 28.0913 of the South Dakota Code of 1939, which reads in part as follows:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by reason of floods, fires, or other cause to such an extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within twenty-four hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. * * *

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city, or town as the case may be for such damages as he may have sustained."

Defendant urges that the complaint alleged negligence in construction and that there can be no recovery of damages resulting from structural defect. Reaney v. Union County, S.D., 10 N.W.2d 762; Id., S.D., 12 N.W.2d 14; Jackson County v. Dufty, 8 Cir., 147 F.2d 227. Reference to the complaint, however, discloses that the negligence alleged was not that which went to the original structure, but to the failure of the defendant properly to maintain and repair the bridge. Thus, it is alleged that, "For an extended period of time, being several weeks or more prior to June 14, 1943, said bridge had become out of repair to such an extent as to endanger the safety of public travel thereon." It is also alleged that, "Surplus water passing through said ditch or draw had a direct tendency to wash away and did in fact wash away and carry off dirt and clay in close proximity to said south wall or abutment, rendering said south wall or abutment in a highly unstable condition and likely to fall and collapse, with the resulting fall of said bridge structure from further flowage of such surplus water than was reasonably to be anticipated." It is observed too that it was the contention of defendant that the collapse of the bridge "occurred shortly prior to the passage of the said James Vere Seigfred over said county highway and was caused solely and entirely by excessive and unusual rainfall shortly prior to the collapse of said bridge."

The court in its instructions, to which no exceptions were saved by either party, in referring to the statute authorizing recovery said, "The statute does not fix any liability for damages resulting solely from inherent structural defects in the design or structure of the bridge." In stating the nature of the defense, the court, among other things, said that the defendant "admits that this particular bridge was a part of the highway system of the county and that the county was charged with the statutory duty of maintaining this bridge in, and keeping it in, good repair and safe condition for public travel. And by way of defense they alleged the bridge was washed out, not because of any neglect or failure on the part of the county or any of its officers, but that it collapsed as a result of an unusually heavy rain storm."

■ The complaint clearly charges negligence in the failure to maintain and repair, and there was apparently no claim in the trial court that the accident resulted from any structural defect. We think the complaint stated a good cause of action and that the issue raised by the pleadings was in fact the issue submitted to the jury.

■ Defendant challenges the sufficiency of the record to entitle plaintiff to a review of certain of these questions and we shall refer to this question of practice. While defendant interposed a motion for a directed verdict at the close of plaintiff's testimony, yet after the motion was denied it offered evidence in support of its defense. This was a waiver of its motion for a directed verdict. The motion was not renewed at the close of all the evidence. Failure to interpose a motion for a directed verdict at the close of all the testimony and secure a ruling thereon precludes defendant from questioning here the sufficiency of the evidence. Amendment 7 of the Constitution provides, among other things, that, "The right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

■ The only mode known to the common law to re-examine such facts was the granting of a new trial by the court where the issue was tried. Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732; Thorn v. Browne, 8 Cir., 257 F. 519.

■ In law actions this court has appellate jurisdiction only and the only method of securing a review of the facts is by interposing a motion for a directed

verdict at the close of all the evidence and securing a ruling thereon. This ruling presents a question of law. Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96; Concordia Fire Ins. Co. v. Commercial Bank, 8 Cir., 39 F.2d 826; Illinois Power & Light Corporation v. Hurley, 8 Cir., 30 F.2d 905; Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353. The question of the sufficiency of the evidence is therefore not before us.

 In its points relied upon, as set out in defendant's brief, certain rulings of the trial court in admitting or rejecting evidence are sought to be challenged. Rule 11(b) Fourth, of this court, provides that if a "point relied upon relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to and the pertinent objections or exceptions taken, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear." In so far as rulings on the admissibility of evidence are sought to be presented by appellant's points 2, 3, 6, 9, 10, 14, 15 and 19, it is observed that in these points designated there is no statement of the evidence referred to. Without the evidence it is not possible to determine whether the rulings complained of were prejudicial. Krause v. Snyder, 8 Cir., 87 F.2d 723; Ed S. Michelson v. Nebraska Tire & Rubber Co., 8 Cir., 63 F.2d 597. We have often said that a challenge to the rulings of the court on the admissibility of evidence should contain the matter objected to, the objection, and the ruling of the court thereon. The rulings of the court as to the admissibility of evidence discussed under points 2 and 3 of appellant's brief are clearly not so presented as to require us to review them. We have, however, searched the record to ascertain what evidence in fact was received, and, without detailed discussion or consideration, we express the view that the rulings complained of were not erroneous nor prejudicial.

It is urged that the court unduly restricted defendant in its cross-examination of certain of plaintiff's witnesses. On cross-examination plaintiff's witness Melvin L. Nelson was asked: "Q. I don't believe you have answered the question. You do not know for a fact whether or not it was the abutment or wings of some prior structure?" This was objected to for the reason that there was no evidence of any prior structure. The court in sustaining the objection held the question was wholly immaterial. The same witness on cross-examination testified that prior to the day following the accident he had not been under the bridge, and had not prior to that time stopped at the scene of the bridge and examined it, but that his only knowledge of the bridge prior to the day following the accident was just passing over it. He testified:

"I was in Sioux Falls the day of the accident. I returned home right in the latter part of the rain.

"Q. And when was that?

"Mr. Davenport: That will be objected to as not proper cross-examination.

"The Court: That is true. He was not questioned anything about that on direct examination. Sustained.

"Q. Mr. Nelson, what course did you take going home?

"Mr. Davenport: Same objection.

"The Court: Same ruling.

"Mr. Shultz: Your Honor, this man has testified on direct examination as to the course he took to and from his farm. He has testified he traveled this road every day, loaded, and he traveled it going and coming.

"The Court: Yes, but he was not asked anything about any trip he made on the day of the accident or what way he went or what way he came home."

 These questions do not go to any matter directly in issue and the scope of cross-examination upon collateral matters of necessity rests largely with the discretion of the trial court, and this discretion will not be disturbed on appeal unless that discretion has been abused to the prejudice of the party conducting the cross-examination. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; City of Des Moines v. Des Moines Water Co., 8 Cir., 230 F. 570; United States v. Manton, 2 Cir., 107 F.2d 834. We can not see how any prejudice could have resulted from these rulings of the court.

John Stowsand, called as a witness for plaintiff, was cross-examined at great

length by defendant. During the course of the cross-examination he was asked:

"Q. Certainly, Mr. Stowsand, when you discovered the bridge wall leaning and partly washed out, it was quite significant to you, wasn't it?

"Mr. Davenport: Objected to as argumentative, and would have no bearing on whether the man would recall what business calls he had made that day.

"The Court: It is argumentative. Sustained."

The answer to this question could certainly have had no bearing upon any issues in this case and the record disproves that there was any undue curtailment of the cross-examination of this witness. The cross-examination occupies ten pages of the printed record and the ruling here referred to seems to be the only one made adversely to the defendant during the entire cross-examination. The contention of counsel that he was not permitted full and complete cross-examination of plaintiff's witnesses is wholly without merit.

■ Plaintiff offered in evidence Exhibits 14 and 15, which were official publications of the Weather Bureau of the Department of Commerce of the United States, containing data relative to the rainfall at Sioux Falls, South Dakota. They were objected to for the reason that the record reflected the rainfall at Sioux Falls, "the closest weather bureau to the scene of the accident, and that the court will take judicial notice of the fact that rainfall at one point might be entirely different than it is at a point four or five or six miles away," on which objection the court ruled, "This proof does not conclusively show what the rainfall was at the point of accident. It is a circumstance which I think the jury has a right to take into consideration. You can argue the weight of it to the jury as you see fit. Objection overruled."

■ These reports were official publications and if relevant were admissible under Rule 44(a) of the Federal Rules of Civil Procedure. The records were made pursuant to Federal statute, and hence, were presumed without proof to have been regularly kept. In any event, that was not the ground of the objection, the objection being that the rainfall at Sioux Falls might not be the same as the rainfall at the site of the accident, which was six

miles distant. There was evidence to the effect that the rainfall at Sioux Falls was usually about the same as at the site of the accident. One witness who drove from Sioux Falls to the bridge in question while the storm was in progress testified that he did not notice any different conditions than he had noticed close to Sioux Falls. While the records were not conclusive, we think they were admissible. Rule 44(a), Rules of Civil Procedure; United States v. Winneconne S. S. Co., 5 Cir., 59 F.2d 660; Shamrock Towing Co. v. Cornell Steamboat Co., D.C.N.Y., 49 F.2d 785; Peterson v. Chicago, M. & St. P. R. Co., 19 S.D. 122, 102 N.W. 595.

Exhibits 16 and 17, which were objected to, were summaries of the figures and data set forth in Exhibits 14 and 15. They were objected to on the ground that they were not the best evidence. The court in ruling on the objections said: "It is not the best evidence perhaps, according to technical rules of evidence. It would require the jury to go through the whole list of exhibits to dig out the data for themselves. Unless you can show there is something wrong with the figures, I will overrule the objection."

■ They were offered to assist the jury and they were based upon the original Exhibits 14 and 15, introduced in evidence. Their accuracy could therefore be determined and the witness who produced them was subject to cross-examination. The exhibits which these two exhibits summarized were very voluminous and quite intricate, covering 154 pages of the printed record, made up in tabular form, in fine print and difficult to follow, and were of doubtful intelligibility to the jury without these explanatory summaries. We think the exhibits were properly received in evidence.

Over defendant's objection plaintiff was permitted to introduce testimony as to the physical condition of decedent's parents, who are the beneficiaries, and this is urged as ground for reversal. While the points relied upon fail to disclose what the testimony objected to was, we have searched the record and find that the family doctor of the beneficiaries testified that six days prior to the accident resulting in the death of plaintiff's intestate, he had examined Mrs. Seigfred and found that she had high blood pressure and was overweight, with certain attending symptoms of dizziness

and fatigue which the doctor attributed to the high blood pressure. Mrs. John Seigfred, mother of deceased, testified that the deceased was a hard working boy, very considerate of her and his father, and helped her whenever he was in the house, to the extent of setting the table. The court refused to strike this answer. She also testified, over objection, that her husband had continued to carry on the farm; that his health was good except that he wore himself out by long hours.

The South Dakota statute, 37.2203, authorizing recovery for death by wrongful act provides that, " * * * in every action the jury may give such damages, not exceeding in any case ten thousand dollars as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

The South Dakota Supreme Court has adopted a very liberal rule as to the admission of evidence in this character of action. Stratton v. Sioux Falls Traction System, 55 S.D. 464, 226 N.W. 644; Tufty v. Sioux Transit Co., S.D., 10 N.W.2d 767. In Stratton v. Sioux Falls Traction System, supra, evidence as to the age and financial condition of the beneficiary had been admitted and reversal was sought in the Supreme Court for that reason. In the course of the opinion it is said [55 S.D. 464, 226 N.W. 648]: "There is a legal duty of the son to support his indigent aged parents. There is also a moral duty. The moral duty may be broader than the legal duty, but in the performance of either it is reasonable to expect the son will contribute more to his father, if he is needy, than if he is wealthy. Consequently the financial needs of the parent are material."

In Tufty v. Sioux Transit Co., supra, the court indicates its general view as to testimony of this character. It is there said [10 N.W.2d 769]: "This court has taken the liberal view and held that the earnings or probable contributions of a child beyond minority may properly be considered in an action for wrongful death, as opposed to the limited rule in some states that the

damages recoverable by a parent for the death of his minor child are limited to compensation for loss of earnings and services of the child during the period of his minority, and that damages for the loss of benefits which the parent might have received from a child after he attained his majority, had he lived, are too speculative and therefore not recoverable."

■ Rule 43(a), Rules of Civil Procedure, provides that all evidence shall be admitted which is admissible either under the rules of evidence heretofore applied in the courts of the United States in suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the court is held. Under the liberal rule adopted by the Supreme Court of South Dakota relative to the admission of evidence in this class of action, we think any facts or circumstances tending to increase or reduce the pecuniary loss may properly be considered in determining the probable loss to the beneficiaries because of the death of the decedent by wrongful act. The physical condition or health of the beneficiaries might affect the life expectancy of the beneficiaries and hence the length of time pecuniary aid from the decedent might reasonably be expected. If it is reasonable to expect that a son will contribute more to his father if he is needy than if he is wealthy, it might likewise be more reasonable to expect that he will contribute more if the parent is in ill health and needy for that reason. It might, we think, within the rule announced by the Supreme Court of South Dakota, be considered that owing to the ill health of the parents existing at and prior to the death of the son, the parents had a right to expect from him had he lived, a greater measure of assistance than had their ill health not existed. We think there was no error in admitting this class of testimony.

We have considered the other contentions of defendant but are of the view that they are wholly without merit.

The judgment appealed from is therefore affirmed.