**TEETERS**

v.

**PENNSYLVANIA R. CO.**

Civ. A. No. 10268.

United States District Court,
W. D. Pennsylvania.

Feb. 12, 1954.

John R. Duggan, Jr., Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act to recover damages on behalf of the six minor children of the deceased employee. 45 U.S.C.A. § 51 et seq.

The liability of the defendant is admitted and the only question for determination is the correct rule of law to apply in the determination of the damages sustained.

■ An examination of the authorities shows that the measure of damages to which the six minor children are entitled must be based on the benefit which the children would have received or the deceased father would have given to his children had he lived during their minority until each child attained the age of twenty-one. Dow v. Carnegie Illinois Steel Corp., 3 Cir., 165 F.2d 777.

In this proceeding the deceased employee father was separated from his wife and six minor children at the time of his death and was living in a clandestine or a surreptitious relationship with another woman as a result of which relationship were born three illegitimate children. Prior to the death of the deceased father employee, an order of court was entered in the state jurisdiction pursuant to which the deceased employee was directed to pay the amount of $80 per month for the support of his wife and six children. In addition thereto, the wife was receiving the amount of $179 from the Department of Public Assistance for the support of herself and minor children.

Two questions are presented as to the admissibility of evidence in the determination of the pecuniary loss suffered by the six minor children as a result of the death of their father:

(1) Is the court order which provided for the payment of $80 a month for the support of the wife and children admissible in evidence together with all the other evidence to aid the court and jury in their determination as to the benefits which the children would have received until the age of their majority?

(2) Is evidence admissible of the clandestine and surreptitious relationship on the part of the deceased employee resulting in the birth of three illegitimate children, together with all the other evidence, in the jury's determination of the pecuniary loss sustained by the six minor children?

Although the deceased employee and his wife were living separate and apart at the time of his death and the wife was included in the support order which was secured in the state jurisdiction, all claim is waived on the part of the wife of said deceased employee for the reason that she has since remarried. The children involved in this suit have not been adopted by their step-father.

■■ The law appears well settled that in estimating damages the jury must allow for the minor children of the decedent such sum as in their judgment under the proof will be just compensation for the pecuniary loss they have sustained by reason of the death of said deceased. In estimating such sum they should consider the age of the deceased,

together with his capacity for earning money, his disposition to contribute, to care for, and to furnish his children money as shown by the evidence, the ages of the children, and the probable expectation of the life of the parties concerned. Griffith v. Midland Valley R. Co., 100 Kan. 500, 166 P. 467, certiorari denied 245 U.S. 653, 38 S.Ct. 12, 62 L.Ed. 532.

■ The amount of contribution by the decedent during his lifetime to the claimed beneficiaries has a direct bearing on the issue of reasonable expectation of pecuniary benefit. Cleveland Tankers, Inc., v. Tierney, 6 Cir., 169 F. 2d 622.

■ Any facts or circumstances tending to increase or reduce the pecuniary loss may properly be considered in determining the probable loss to the beneficiaries because of the death of the decedent by wrongful act. Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356.

■ Evidence of separation has a direct bearing on any amount which decedent might have been disposed to allow his children. Dow v. Carnegie-Illinois Steel Corp., 3 Cir., 165 F.2d 777; Mc-Glothan v. Pennsylvania R. Co., 3 Cir., 170 F.2d 121; Naylor v. Isthmian S. S. Co., 2 Cir., 187 F.2d 538.

■■ It is my judgment, therefore, that in the course of this trial the court order requiring payment from decedent of an amount of $80 per month for the support of his wife and children together with evidence of the meretricious relationship resulting in the birth of three illegitimate children, along with all the other evidence, are germane and admissible to aid the jury in its determination of the pecuniary benefit of which the children have been deprived by reason of the wrongful death of the employee decedent.

I shall charge the jury in accordance with the principles of law herein enunciated.