Jo Ellen **BOLLER** and Lawrence E. Timmons, Administrators of the Estate of Robert E. Corcoran, deceased, Plaintiffs,

v.

**PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant Third Party Plaintiff**

v.

**PLYMOUTH CANNING COMPANY, Inc., a corporation, and Plymouth Canning Company, a co-partnership, Third Party Defendants.**

Civ. No. 2166.

United States District Court
N. D. Indiana,
South Bend Division.

July 28, 1960.

Miller & Babcock, Logansport, Ind., M. E. Doran and John Doran of Doran, Manion, Boynton & Kamm, South Bend, Ind., for plaintiffs.

S. J. Crumpacker and George N. Beamer, of Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., for defendant Pennsylvania R. Co.

Roland Obenchain, Sr., and Roland Obenchain, Jr., of Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for third-party defendants Plymouth Canning Co., Inc., a corporation, and Plymouth Canning Co., a copartnership.

GRANT, District Judge.

The matter presently before this Court is the pre-trial motion of the Pennsylvania Railroad Company for rulings of law. The particular portion thereof, which this order treats, is as follows:

"5. The measure of damages is (a) the cash value determined as of February 1, 1956, of the pecuniary benefits which Constance Lou Corcoran might reasonably have expected to receive from Robert E. Corcoran had he lived but (b) limited, however, to her attainment of the age of twenty one (21) years."

This is an action brought for the death of Robert E. Corcoran under the provisions of Title 45 U.S.C.A. § 51, more

commonly referred to as the Employers' Liability Act. Plaintiffs, by their complaint, allege that the decedent was employed by the Pennsylvania Railroad Company in the capacity of conductor of a freight train at Plymouth, Indiana, on February 1, 1956. It is further alleged that the decedent was crushed to death against a siding as a result of the negligence of the defendant in the maintenance of its tracks and the operation of its trains on the above date. It is alleged that the plaintiff's decedent was survived by his child, Constance Lou Corcoran, who was born on October 16, 1948.

The precise issue confronting the Court may be stated in the following manner:

"Is recovery by a surviving minor child of a deceased employee working in Interstate commerce for the death of her father under the Employers' Liability Act limited only to pecuniary loss sustained for the duration of her minority or under proper proof of pecuniary loss, may damages be awarded for a period subsequent to attainment of majority as well?"

Title 45 U.S.C.A. § 51 provides that:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, *in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee* * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agent or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines * * *." (Emphasis supplied.)

Inasmuch as the text of the Act itself does not specifically treat the precise question presented here, no ready answer is available, but instead, reference must be made to decisions in which the Courts have construed the Act.

Seemingly, authorities supporting both the plaintiffs' argument in favor of recovery for a period beyond attainment of majority, and the defendants' position denying such recovery can be found.

 Turning first to the defendants' argument, reliance is made principally on certain decisions of the United States Supreme Court, the Court of Appeals for the Seventh Circuit and Teeters v. Pennsylvania R. Co., D.C.W.D.Pa.1954, 118 F.Supp. 385. There is no disagreement among the courts in relation to the well settled principle that recovery under the Act is restricted to pecuniary damages sustained by the surviving dependents. Gulf, Colorado & Santa Fe Railway Co. v. McGinnis, 1913, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785; Michigan Central Railroad Co. v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417. The defendants assert that the decisions in Norfolk & Western Ry. Co. v. Holbrook, 1915, 235 U.S. 625, 35 S.Ct. 143, 59 L.Ed. 392 and Chesapeake & Ohio Railway Co. v. Kelly, 1916, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, are authority for the denial of recovery for pecuniary damages sustained beyond majority. While it must be conceded that in both cases the Supreme Court held it to be error for the trial court to refuse to give an instruction which included the limitation in general terms, nowhere is there an indication of any dispute on this point. The plaintiffs in neither case sought recovery for damages beyond majority. There is no reference made to the evidence to indicate that the plaintiffs attempted to show dependency of surviving minor children beyond majority. In neither case did the Supreme Court discuss this question, but instead, decided the case on other issues with which we are not now concerned and which in no way are authority in support of the defendants' position here. In the absence of any reference to evidence, it must be assumed that there was no attempt on the part of the plaintiffs to show dependence

and damage beyond majority. There can be little dispute, and indeed the plaintiffs here agree, that in the absence of evidence tending to prove dependency after majority, a minor dependent may recover damages sustained only until attainment of majority. The two decisions of the Court of Appeals for the Seventh Circuit to which the defendants have called the Court's attention, Wetherbee v. Elgin, 7 Cir., 1951, 191 F.2d 302 and Stark v. Chicago, North Shore & Milwaukee Railway Co., 7 Cir., 1953, 203 F.2d 786, likewise state in general terms that recovery is limited to the period of minority but wholly fail to give any indication that the plaintiffs there introduced any evidence to support recovery beyond that period. In fact, there is nothing in either decision indicating that the plaintiffs even claimed post-majority damages on behalf of dependent children. These decisions and that in Teeters v. Pennsylvania R. Co., D.C.W.D.Pa.1954, 118 F. Supp. 385, only serve to re-emphasize and support the unanimously established rule that "recovery is limited to the actual pecuniary loss".

On the other hand, the Court, in Chicago, B. & Q. R. Co. v. Kelley, 8 Cir., 1934, 74 F.2d 80, 85, cited by the defendants, in denying post-majority recovery, under the facts of the case, indicated that under adequate evidentiary proof such recovery would be appropriate, when it said:

> "*There was no evidence from which the jury could have found any expectation of support for the children after majority.* The instruction does not clearly limit the recovery for them to minority, but the last part of the instruction permits consideration of the ages of the children and their probable expectation of life. *Right of recovery for these beneficiaries was limited to their minority and the court should have so instructed.*" (Emphasis supplied).

The plaintiffs have called to the Court's attention many cases, decided under the Act, which subscribe to the rule that a surviving minor dependent child may recover damages for a period beyond majority provided that there is introduced into evidence facts which tend to prove such a reasonable expectation of support after majority. The following statements taken from a few of these cases will suffice to demonstrate the plaintiff's position and the ruling of this Court.

The Court, in Hoffman v. Reading Co., D.C.D.N.J.1935, 12 F.Supp. 1010, 1011, in holding that a failure to demand damages for post-majority loss on behalf of a minor child in a prior action brought under the Employers' Liability Act, precluded recovery for that element of damage in an action for wrongful death under the Pennsylvania Death Act, 12 P.S. § 1601 et seq., stated:

> "It is asserted here that the Employers' Liability Act affords no recovery for pecuniary damages which the infant Naomi might suffer after the age of twenty-one years, while the Pennsylvania Death Act does permit such recovery. A reading of the Liability Act discloses no such limitation in express language. The act (section 1 [Title 45 U.S.C.A. § 51]) says the railroad engaged in interstate commerce 'shall be liable in damages * * * for such injury or death.' Here, we find nothing which would lead to the conclusion that if a showing of facts be presented wherefrom an infant would appear to suffer in a pecuniary way after majority, it would not be a factor upon which damages might be recovered.
>
> "*Whether the Pennsylvania Death Act, either by its express terms or by judicial interpretation, allows damages to an infant for anticipatory pecuniary loss after twenty-one years of age is not material, since our conclusion is, the Federal Employers' Liability Act would allow such a recovery when a proper state of facts appears to sustain it.* It therefore follows that the satisfaction of the judgment in the employ-

ers' liability suit estops the plaintiffs here from any further recovery for that item of damage.

"There can be no doubt but that the plaintiff here is entitled to full and complete satisfaction, and if the instant suit covers any item not recoverable in the employers' liability suit, which is recoverable here under the Death Act, she is entitled to it. * * * *There is but one element of damage in this case which is not recoverable under the Employers' Liability Act; that is funeral expenses.*" (Emphasis supplied.)

In Hines v. Walker, Tex.Civ.App.1920, 225 S.W. 837, 839 it was stated:

"All the authorities seem to proceed upon the theory that a minor may recover in such a case because the parent is under legal obligation to support him during minority, and that he will perform that obligation. But after a child reaches his majority that legal duty of the parent ceases, and in the absence of proof it cannot be presumed that he will continue such support. If a child is crippled or has suffered some other permanent physical infirmity, that fact, in connection with proof of parental attachment and probable ability on the part of the parent to continue the support of his offspring beyond the age of majority, might perhaps support a verdict for damages for the loss of such support, but, in the absence of some proof of that character, or some other proof that the child might reasonably be expected to need the support of the parent beyond the period of minority and some reasonable expectation of receiving such support from his parent, we do not think there would be any basis for such a recovery."

The Court, in Louisville & N. R. Co. v. Wingo's Adm'r., 1926, 213 Ky. 336, 281 S.W. 170, 173 held:

"Instruction No. 1 is complained of because it does not limit the expectation of pecuniary benefits on the part of the infant children of the deceased to the period of their infancy. *No such limit is prescribed by the federal statute, and we are not aware of any decision of the Supreme Court of the United States sustaining appellant's contention.* Doubtless the time during which a child may reasonably expect pecuniary benefits from his father usually ends when he attains his majority, but not always so. It not infrequently happens that the father's income is not sufficient to meet the burden of a large family, and that many children go to work long before they are 21, and not only support themselves, but contribute to the maintenance of the rest of the family, in which event the children may not have a reasonable expectation of receiving pecuniary benefits from their father, even during their minority. On the other hand, the father may intend to send his child to college, or the child's health or lack of ability may be such as to require assistance from his father after he reaches a majority. Hence it cannot be said in every case that the child has no reasonable expectation of receiving pecuniary benefits from his father after he becomes twenty-one years of age. *We are, therefore, of the opinion that the time during which children may reasonably expect pecuniary benefit from their father is a question for the jury, to be determined in the light of all the facts and circumstances, and should not be limited by instruction to the period of their infancy.*" (Emphasis supplied.)

Other decisions recognizing post-majority recovery are Kansas City Southern Railway Co. v. Frost, 1909, 93 Ark. 183, 124 S.W. 748, 751, and Chesapeake & Ohio Railway Co. v. Shirley's Adm'x, 1927, 218 Ky. 337, 291 S.W. 395, 398.

■ This Court is in agreement with the position taken by the Courts in Hoffman, Hines, Wingo's Adm'r. and the others which hold that recovery for pecuniary loss beyond majority may be had. Consequently, it is the holding of this Court that at the trial of the instant action, recovery for the reasonable expectation of support after attainment of majority on behalf of Constance Lou Corcoran will be permitted, provided, however, that probative evidence is introduced to establish such pecuniary loss.